# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-00054-MOC-DSC

| | |
|---|---|
| DENA FINCHER, as guardian of minor WARDELL L. FINCHER, JR., <br><br> Plaintiff, <br><br> v. <br><br> ADVENTURE LANDING, <br><br> Defendant. | **MEMORANDUM AND RECOMMENDATION AND ORDER** |

**THIS MATTER** is before the Court on "Defendant's Motion to Dismiss Pursuant to Rules 12(b)(1), 12(b)(5) and 12(b)(6)," Doc. 8, filed March 21, 2018, and the parties' associated briefs and exhibits, Docs. 9, 11 and 12.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration. Having carefully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is an employment discrimination action brought pursuant to Title VII of the 1964 Civil Rights Act ("Title VII") as amended, 42 U.S.C. § 2000e et seq. On or about June 1, 2017, fifteen year old Wardell Fincher, Jr. was hired to work as a go-cart and paddle boat operator at Defendant's theme park in Pineville, North Carolina. On July 21, 2017, Fincher was terminated when he missed two consecutive days of work without calling his employer. As Fincher was

leaving the park following his termination, a manager told him that he was fired because his position had to be filled by someone eighteen years of age or older. Thereafter, Plaintiff, Fincher's mother, called the corporate office to complain. Defendant agreed to reinstate him in a different position. Fincher's hours gradually decreased over the summer until he was no longer included on the work schedule.

He subsequently filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 28, 2017. On October 4, 2017, the EEOC issued a Dismissal and Notice of Rights (hereinafter "Right to Sue Notice"). See Doc. 1-1 at 3. The EEOC advised Fincher that the Right to Sue Notice allowed him "to pursue the matter in court by filing a lawsuit within 90 days of [his] receipt of the dismissal notice. This 90-day period for filing a private lawsuit cannot be waived, extended or restored by EEOC." Id. Plaintiff states that they did not receive the Notice until twenty-seven days later on October 31, 2017. Doc. 1 at 3. For purposes of this Motion, the allegations of the Complaint including the October 31, 2017 delivery date are deemed to be true.

On January 31, 2018, Plaintiff filed this Complaint. She alleges that her son was subjected to retaliation resulting from her complaint to the corporate office about hiring an underage employee. On March 21, 2018, Defendant filed this Motion to Dismiss arguing that Plaintiff failed to file his lawsuit within ninety days of receiving his Right to Sue Notice.

## II. DISCUSSION

It is well-settled that Title VII allows an aggrieved party to file a civil action ninety days after receipt of a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1). A claimant who fails to file a complaint within the ninety-day period generally forfeits his right to pursue a claim. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-51 (1984). The time period is subject to

equitable tolling. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). The ninety day countdown begins upon the actual date of receipt when that date is "confirmed by evidence[.]" Nguyen v. Inova Alexandria Hosp., 187 F.3d 630, No. 98–2215, 1999 WL 556446, at *3 (4th Cir. July 30, 1999) (unpublished per curiam); see also Grey v. Henderson, 169 F.Supp.2d 448, 451 (M.D.N.C. 2001). If the subsequent civil action is not filed within this ninety day window, the jurisdiction of the district court is defeated and the action must be dismissed for lack of subject matter jurisdiction. Staton v. Newport News Cablevision (NNCV), 769 F.2d 200, 200–01 (4th Cir.1985).

Applying those legal principles to the record here, Plaintiff filed her lawsuit ninety two days after the Right to Sue Notice was received. Her failure to file suit within ninety days bars her claim. See, e.g., Harvey v. City of New Bern Police Dept., 813 F.2d 652, 654 (4th Cir. 1987) (affirming summary judgment in Title VII lawsuit commenced ninety-one days after claimant's wife received the right to sue letter); Scott v. Teachers Annuity Assoc. of America, No. 3:12–CV–00697, 2013 WL 2948315, at *2 (W.D.N.C. June 14, 2013) (dismissing plaintiff's claims based upon her first charge because she failed to file her claims within ninety days of receipt of a notice of right to sue); Land v. Food Lion, LLC, No. 3:12–cv–00006, 2012 WL 1669678, at *3 (W.D.N.C. May 14, 2012) (dismissing plaintiff's complaint as untimely where he failed to file his Title VII claims within the ninety day period); Shelton v. Atlantic Bingo Supply Co., No. DKC 11-0952, 2011 WL 4985277, at *2 (D.Md. Oct.17, 2011) ("Despite Plaintiff's pro se status, the law is clear that the ninety-day filing requirement must be strictly construed in employment discrimination cases."); Rawlings v. City of Baltimore, No. L-10-2077, 2011 WL 1375603, at *3 (D. Md. 2011) (denying equitable tolling when "it is undisputed that [the plaintiff] had the full 90 days' notice prescribed by the law in which to file his complaint."). Therefore, this Court lacks subject matter

jurisdiction and the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted.

### III. ORDER

IT IS ORDERED that all further proceedings in this action, including all discovery, are STAYED pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that "Defendant's Motion to Dismiss Pursuant to Rules 12(b)(1), 12(b)(5) and 12(b)(6)," Doc. 8, be GRANTED.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff, to defense counsel, and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: July 5, 2018

David S. Cayer
United States Magistrate Judge