UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00054-MOC-DSC

| | |
|---|---|
| **DENA FINCHER, as guardian of minor W.F.,** )<br>)<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>**ADVENTURE LANDING,** )<br>)<br>)<br>Defendant. ) | ORDER |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28 U.S.C. § 636(b)(1)(c). No objections have been filed within the time allowed.

**I.    Applicable Standard of Review**

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection.

1

Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the magistrate judge's recommendation.

## II. Discussion

In this matter, plaintiff received the Right to Sue Notice from the Equal Employment Opportunity Commission ("EEOC") on October 31, 2017. The EEOC advised plaintiff that the Right to Sue Notice allowed him "to pursue the matter in court by filing a lawsuit within 90 days of his receipt of the [Notice]." Plaintiff filed the Complaint on January 31, 2018, which was 92 days after plaintiff received the Right to Sue Notice.

It is well-settled that Title VII allows an aggrieved party to file a civil action 90 days after receipt of a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1). A claimant who fails to file a complaint within the 90-day period generally forfeits his right to pursue a claim. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-51 (1984). The time period is subject to equitable tolling. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). The 90-day countdown begins upon the actual date of receipt when that date is "confirmed by evidence." Nguyen v. Inova Alexandria Hosp., 187 F.3d 630, No. 98–2215, 1999 WL 556446, at *3 (4th Cir. July 30, 1999) (unpublished per curiam); see also Grey v. Henderson, 169 F.Supp.2d 448, 451 (M.D.N.C. 2001). If the subsequent civil action is not filed within this 90-day window, the jurisdiction of the district court is defeated and the action must be dismissed for lack of subject matter jurisdiction. Staton v. Newport News Cablevision (NNCV), 769 F.2d 200, 200–01 (4th Cir.1985).

Plaintiff's failure to file suit within 90 days bars the claim. See, e.g., Harvey v. City of New Bern Police Dept., 813 F.2d 652, 654 (4th Cir. 1987) (affirming summary judgment in Title VII lawsuit commenced ninety-one days after claimant's wife received the right to sue letter); Scott v.

2

Teachers Annuity Assoc. of America, No. 3:12–CV–00697, 2013 WL 2948315, at *2 (W.D.N.C. June 14, 2013) (dismissing plaintiff's claims based upon her first charge because she failed to file her claims within ninety days of receipt of a notice of right to sue); Land v. Food Lion, LLC, No. 3:12–cv–00006, 2012 WL 1669678, at *3 (W.D.N.C. May 14, 2012) (dismissing plaintiff's complaint as untimely where he failed to file his Title VII claims within the ninety day period); Shelton v. Atlantic Bingo Supply Co., No. DKC 11-0952, 2011 WL 4985277, at *2 (D.Md. Oct.17, 2011) ("Despite Plaintiff's pro se status, the law is clear that the ninety-day filing requirement must be strictly construed in employment discrimination cases."); Rawlings v. City of Baltimore, No. L-10-2077, 2011 WL 1375603, at *3 (D. Md. 2011) (denying equitable tolling when "it is undisputed that [the plaintiff] had the full 90 days' notice prescribed by the law in which to file his complaint."). Therefore, this court lacks subject matter jurisdiction.[1]

After such careful review, the Court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the brief factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the Court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith by dismissing this matter without prejudice. S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013) (holding that "[a]

---

[1] The court notes that plaintiff has not argued for tolling of the 90-day period based on the age of W.F., who appears to be a minor. In addressing a related issue, i.e., whether the time for filing a claim of discrimination with the EEOC was tolled because the employee was a minor, a colleague in another circuit held that courts there "have never recognized infancy as a basis for equitable tolling in Title VII claims, nor is there any express statutory provision exempting minors from the statute of limitations." *Catone v. Brink*, 488 F. Supp. 2d 214, 217–18 (N.D.N.Y. 2007) (citation omitted). A similar result has been reached by at least one district judge in the Fourth Circuit. *Ashton ex rel. Ashton v. Okosun*, 266 F.Supp.2d 399, 403 (D.Md.2003) (holding that "only the legislature can exempt a certain class of people from the effects of the statute of limitations."). Here, while North Carolina law would exempt a minor from a statute of limitations requirement that would require the minor to file a state-law claim before the minor reached majority, N.C.Gen.Stat. § 1-17(a)(1), Title VII is a creature of federal law and Congress has not seen fit to create an exemption under Title VII. Finally, no equitable reason has been provided in the pleadings that would either alone or in consideration with the North Carolina practice counsel tolling.

dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#13) is **AFFIRMED,** Defendant's Motion to Dismiss (#8) is **GRANTED,** and this matter is **DISMISSED** without prejudice.

Signed: July 25, 2018

Max O. Cogburn Jr
United States District Judge